**428**

Flint JESCHKE, Plaintiff and
Appellant,

v.

David T. WILLIS and Granite School
District, Defendants and Appellees.

No. 890229–CA.

Court of Appeals of Utah.

June 1, 1990.

Robert B. Hansen, Salt Lake City, for plaintiff-appellant.

R. Paul Van Dam, Atty. Gen., Edward O. Ogilvie, Asst. Atty. Gen., for defendants and appellees.

ORDER

This matter is before the Court upon appellees' motion to supplement the record, filed 18 April 1990. Appellees seek leave to supplement the record on appeal with the transcript of an in chambers proceeding held in the trial court on 4 October 1988.

Appellant filed the Notice of Appeal herein on 22 February 1989. Shortly thereafter, on 22 March 1989, appellant filed a Certification Regarding Transcript, certifying that he had ordered a transcript of specific portions of trial testimony. Appellant hand delivered a copy of the Certification to appellees on March 22nd.

Pursuant to Rule 11(e)(2), Utah R.App.P., appellant must include in the record a transcript of all evidence relevant to a challenged finding or conclusion. Rule 11(e)(3) provides that if appellant requests only a portion of the trial court proceedings and appellee deems additional portions necessary to the appeal, then appellee must so notify appellant. Ten days thereafter, appellee may either request a transcript of the additional parts or motion the trial court for an order requiring the appellant to do so.

Appellant herein did not request transcription of the 4 October 1988 in chambers proceeding. Appellees did not immediately request the additional portion of the trial court record, nor did appellees motion the trial court for an order requiring appellant to order the transcript. Instead, more than one year after the transcript request was filed, appellees now seek leave of this Court to supplement the transcript request. Had appellees followed proper appellate procedure, the motion to supplement and resulting appellate delay could have been avoided entirely.

■ In considering a motion to supplement the record, the Court evaluates sever-

al factors. These include the necessity of the supplemental material, prior opportunity to introduce the supplemental material and length of the resulting delay. Under appropriate circumstances and in the interest of judicial economy, the Court will deny a motion to supplement the record.

█ Appellees herein had prior opportunity to supplement the transcript request. The motion, made at this late date, will delay the briefing schedule and final disposition of the matter. The parties, however have not had prior notice of the Court's policy respecting supplemental motions. Because the Court has not previously stated its policy in this regard, IT IS HEREBY ORDERED that the motion to supplement the record on appeal is granted. Appellees shall have 15 days from the date that the supplemental transcript is filed in the trial court to file their brief.

BY THE COURT:

/s/Judith M. Billings
Judge Judith M. Billings

/s/Pamela T. Greenwood
Judge Pamela T. Greenwood

/s/Richard C. Davidson
Judge Richard C. Davidson